# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **YOON S. KIM,** ) | |
| ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | **Case No. CIV-19-431-RAW** |
| ) | |
| **STATE OF OKLAHOMA,** *ex rel.,* ) | |
| **BOARD OF REGENTS OF MURRAY** ) | |
| **STATE COLLEGE,** ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Before the court is the partial motion of defendant to dismiss. In the second amended complaint (#17), plaintiff alleges that his termination from employment by defendant was unlawful discrimination based on his gender, race and national origin. The present motion seeks dismissal of the claim for gender discrimination.

Under Rule 12(b)(6), the court must assume the truth of plaintiff's well-pleaded facts and draw all reasonable inferences from them in the light most favorable to plaintiff. *Western Watershed Project v. Michael,* 869 F.3d 1189, 1193 (10th Cir.2017). To overcome a motion to dismiss, a complaint must plead facts sufficient to state a claim to relief that is plausible on its face. *Sylvia v. Wisler,* 875 F.3d 1307, 1313 (10th Cir.2017). A claim is

facially plausible if the plaintiff has pled factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2) F.R.Cv.P. depends on the type of case. *Robbins v. Oklahoma,* 519 F.3d 1242, 1248 (10th Cir.2008).

Defendant correctly notes that in cases of alleged "reverse discrimination," (e.g., a male alleging gender discrimination) plaintiff must meet a higher burden of proof. *See National Oilwell Varco Tuboscope,* 2014 WL 4084243, *3 (D.Colo.2014)(discussion of pertinent authority). Defendant cites *Lupton v. Am. Fid. Assur. Co.,* 2015 WL 1615300 (W.D.Okla.2015), but that case was a ruling on summary judgment and thus inapplicable. Defendant also cites *Williamson v. Oklahoma ex rel. Bd. of Regents of Univ. of Oklahoma,* 2019 WL 6529146 (W.D.Okla.2019), but this court finds plaintiff's allegations (#17 at ¶¶17-29) more specific than those under review in *Williamson.* Under the governing standard of review, the motion will not be granted.

It is the order of the court that the partial motion to dismiss (#19) is hereby denied.

**IT IS SO ORDERED** this 24th day of April, 2020.

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**